IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **NICOLE POLEN**, | Case No. 3:25-cv-1196-SI |
| Plaintiff, | **OPINION AND ORDER** |
| v. | |
| **API GROUP LIFE SAFETY USA, LLC d/b/a WESTERN STATES FIRE PROTECTION COMPANY**, | |
| Defendant. | |

Robert K. Meyer and Michael Owens, MEYER EMPLOYMENT LAW, 1000 SW Broadway, Suite 2300, Portland, OR 97205. Of Attorneys for Plaintiff.

Megan J. Crowhurst and Colleen O. Muñoz, LITTLER MENDELSON, P.C., Wells Fargo Tower, 1300 SW Fifth Avenue, Suite 2050, Portland, OR 97201. Of Attorneys for Defendant.

**Michael H. Simon, District Judge.**

Plaintiff Nicole Polen ("Polen") brings this case against her former employer, Defendant API Group Life Safety USA, LLC, d/b/a Western States Fire Protection Company ("API"). Polen alleges that API violated: (1) Title VII of the Civil Rights Act of 1964, by discriminating against Polen based on pregnancy, an aspect of her sex; (2) the Pregnant Workers Fairness Act, by discriminating against Polen based on pregnancy and failing to accommodate her pregnancy; (3) Oregon Revised Statutes § 659A.030(1)(a)-(b), by discriminating against Polen based on

PAGE 1 – OPINION AND ORDER

pregnancy; (4) Oregon Revised Statutes § 659A.147(1), by failing to accommodate Polen's pregnancy; (5) Oregon Revised Statutes § 659A.290(2)(a)-(b), by discriminating against Polen because she was a victim of violence; (6) Oregon Revised Statutes § 659A.290(2)(c), by failing to accommodate her needs as a victim of violence; and (7) Oregon Revised Statutes § 659A.199, by retaliating against Polen for reporting in good faith a violation of law.

API has moved under the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 3, 4, to compel arbitration of this employment dispute. Polen responds that the dispute is exempt from compelled arbitration under the Ending Forced Arbitration of Sexual Assault and Sexual Harassment Act ("EFAA"), *codified at* 9 U.S.C. §§ 401-402. For the following reasons, the Court denies Defendant's motion.[1]

## STANDARDS

In contracts involving interstate commerce, the FAA specifies that "written agreements to arbitrate controversies arising out of an existing contract 'shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.'" *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 218 (1985) (quoting 9 U.S.C. § 2). The FAA "leaves no place for the exercise of discretion by a district court" and "mandates that district courts *shall* direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." *Id.* (citing 9 U.S.C. §§ 3-4) (emphasis in original). The district court must limit itself "to determining (1) whether a valid agreement to arbitrate exists and, if it does, (2) whether the agreement encompasses the dispute at issue." *Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1130 (9th Cir. 2000) (citing 9 U.S.C. § 4).

---

[1] The Court does not believe that oral argument will materially help resolve the pending motion. *See* LR 7-1(d)(1).

In considering motions to dismiss or stay under the FAA, "a court may consider evidence outside of the pleadings, such as declarations and other documents filed with the court, using a standard similar to the summary judgment standard of Federal Rule of Civil Procedure 56." *Cho v. Casnak LLC*, 2022 WL 16894869, at *2 (C.D. Cal. Sept. 7, 2022) (cleaned up). "[A] district court should give to the opposing party the benefit of all reasonable doubts and inferences that may arise." *Concat LP v. Unilever, PLC*, 350 F. Supp. 2d 796, 804 (N.D. Cal. 2004). Additionally, under the FAA, "any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." *Moses H. Cone Mem'l Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 24-25 (1983).

"Arbitration agreements are invalid to the extent that they interfere with other federal laws when those laws have clearly expressed a congressional intent to prohibit arbitration." *Marino v. Aven Fin., Inc.*, 2025 WL 2988369, at *4 (S.D. Cal. Oct. 23, 2025) (gathering cases). "If such an intention exists, it will be discoverable in the text of the [statute], its legislative history, or an inherent conflict between arbitration and the [statute's] underlying purposes." *See Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 26 (1991).

The EFAA, which amends the FAA, provides in relevant part:

> Notwithstanding any other provision of this title, at the election of the person alleging conduct constituting a sexual harassment dispute or sexual assault dispute, or the named representative of a class or in a collective action alleging such conduct, no predispute arbitration agreement or predispute joint-action waiver shall be valid or enforceable with respect to a case which is filed under Federal, Tribal, or State law and relates to the sexual assault dispute or the sexual harassment dispute.

9 U.S.C. § 402(a). The EFAA also establishes that it is a court, and not an arbitrator, that decides its applicability. *Id.* § 402(b).

## BACKGROUND

Polen was employed by API from October 1, 2024 to December 17, 2024. She reported to Inspection Department Manager Brittany Noblin. As part of Polen's employment, she signed an agreement to arbitrate any employment related disputes.

Polen alleges that early in her employment she disclosed to Noblin that Polen was the victim of ongoing domestic violence and requested reasonable accommodations for her safety. Polen was sexually assaulted by her ex-partner in late October 2024. On November 12, 2024, Polen reported to Noblin that Polen's ex-partner had appeared at her house the night before, and Polen requested to work from home for her safety. Noblin responded by expressing concerns about Polen's attendance.

On November 28, 2024, Polen's ex-partner again sexually assaulted Polen. She alleges that she reported the incident to Noblin the next day. Polen also alleges that on December 3, 2024, she notified Noblin that Polen was moving residences due to safety concerns. The next day Polen disclosed to Noblin that Polen was pregnant.

Polen alleges that on December 16, 2024, she reported to Noblin that Polen may have suffered a miscarriage and requested a pregnancy-related accommodation. API terminated Polen's employment the next day, December 17, 2024.

## DISCUSSION

API argues that Polen's claims in this lawsuit are related to her employment and thus are subject to the arbitration agreement. Polen does not dispute the general validity or applicability of that agreement but instead argues that this case is exempt from arbitration under the EFAA. Polen contends that her claims for discrimination against a victim of domestic violence and failure to accommodate a victim of domestic violence are "sexual assault disputes" under the EFAA, and thus that statute applies.

API argues that the EFAA applies only to persons who have been sexually assaulted or harassed *in the workplace*. API also asserts that under the statute, API's conduct must have caused the sexual assault. API primarily relies on legislative history, and the statutory requirement that a plaintiff must allege "conduct constituting a sexual harassment dispute or sexual assault dispute." The parties' arguments turn on the statutory construction of the EFAA and its application to the alleged facts.

## A. Statutory Construction of the EFAA

### 1. Standards

Under federal law, statutory construction "begins with the plain language of the statute." *Cheneau v. Garland*, 997 F.3d 916, 919 (9th Cir. 2021) (en banc) (quoting *Jimenez v. Quarterman*, 555 U.S. 113, 118 (2009)); *see also Bostock v. Clayton County*, 590 U.S. 644, 673-74 (2020) ("This Court has explained many times over many years that, when the meaning of the statute's terms is plain, our job is at an end. The people are entitled to rely on the law as written, without fearing that courts might disregard its plain terms based on some extratextual consideration." (gathering cases)). In construing a statute, a court "must read the words in their context and with a view to their place in the overall statutory scheme." *King v. Burwell*, 576 U.S. 473, 486 (2015) (quotation marks omitted). "But '[i]f the statute's terms are ambiguous, [courts] may use canons of construction, legislative history, and the statute's overall purpose to illuminate Congress's intent.'" *Gonzales v. Herrera*, 151 F.4th 1076, 1081 (9th Cir. 2025) (first alteration in *Gonzales*) (quoting *Ileto v. Glock, Inc.*, 565 F.3d 1126, 1133 (9th Cir. 2009)); *Milner v. Dep't of Navy*, 562 U.S. 562, 574 (2011) ("Legislative history, for those who take it into account, is meant to clear up ambiguity, not create it."); *Haro v. City of Los Angeles*, 745 F.3d 1249, 1257-58 (9th Cir. 2014) (refusing to consider legislative history because "courts can only look to legislative intent when a statute is ambiguous" (quotation marks omitted)).

PAGE 5 – OPINION AND ORDER

API does not argue that any provision of the EFAA is ambiguous. Instead, API cites a Ninth Circuit case *applying Oregon law* for the proposition that courts first consider text, context, *and* pertinent legislative history proffered by a party when construing an Oregon statute. *See* ECF 13 at 9 (quoting *Powell's Books, Inc. v. Kroger*, 622 F.3d 1202, 1209 (9th Cir. 2010), which itself quoted *State v. Gaines*, 346 Or. 160, 172 (2009) (en banc)). As shown above, however, Oregon's statutory interpretive methodology differs from federal statutory interpretive methodology in several important respects, including that Oregon's methodology requires courts to consider the legislative history of an Oregon law, at least when proffered by the parties, regardless of whether the Oregon statute is ambiguous. *See Gaines*, 346 Or. at 171-72.

**2. Analysis**

API argues that a defendant's conduct must *cause* the sexual assault for the EFAA's exception to apply and that the assault must have occurred in the workplace. That, however, is not what the plain text of the EFAA provides. The EFAA exception to predispute arbitration agreements "shall" apply when any "person alleging conduct constituting a . . . sexual assault dispute" elects to file a case in federal court that "relates to the sexual assault dispute." *See* 9 U.S.C. § 402(a). This provision can only be understood with a proper reading of the defined term "sexual assault dispute."

A "sexual assault dispute" is "a dispute *involving* a nonconsensual sexual act or sexual contact, as such terms are defined in section 2246 of title 18 or similar applicable Tribal or State law, including when the victim lacks capacity to consent." *Id.* § 401(3) (emphasis added). The plain meaning of the term "involving" is broad. *See, e.g.*, *United States v. Franklin*, 904 F.3d 793, 801 (9th Cir. 2018) (observing, in the criminal law context, that "involving" often connotes 'includ[ing] (something) as a necessary part or result.'" (alteration in original) (quoting NEW OXFORD AM. DICTIONARY 915 (3d ed. 2010))); *see also* WEBSTER'S THIRD NEW INT'L

PAGE 6 – OPINION AND ORDER

DICTIONARY 1191 (unabridged ed. 1993) (defining "involve" as "to have within or as part of itself: CONTAIN, INCLUDE" and "to have an effect on: concern directly: AFFECT"). A dispute involving sexual assault, therefore, is a dispute that in some way includes or concerns sexual assault.

That plain meaning of the word "involving" is supported by Congress's use of the word elsewhere in the FAA, and the maxim that "statutory terms should be interpreted, whenever possible, with an eye to intra-statutory consistency." *Pacheco-Camacho v. Hood*, 272 F.3d 1266, 1271 (9th Cir. 2001); *see also Gonzalez*, 151 F.4th at 1085-86 ("Beyond the subsection at issue, [the Court] must also interpret the [statute] to be consistent with itself, as well as with preexisting sections of the statute."). In *Allied-Bruce Terminix*, the Supreme Court "examined the . . . language, background, and structure" of § 2 of the FAA, which applies to "'a contract evidencing a transaction involving commerce.'" 513 U.S. 265, 273-74 (1995) (quoting 9 U.S.C. § 2). After doing so, it held "that the word 'involving' is broad." *Id.*; *see also The Citizens Bank v. Alafabco, Inc.*, 539 U.S. 52, 56 (2003) (stating that the use of "involving commerce . . . signal[s] the broadest permissible exercise" of Congressional power and makes it "perfectly clear that the FAA encompasses a wider range of transactions than those actually 'in commerce'—that is, within the flow of interstate commerce" (quotation marks omitted)). Construing the EFAA harmoniously with the preexisting sections of the FAA, the word "involving" in the phrase "dispute involving nonconsensual sexual act or contact" must carry with it a similarly expansive reading. Thus, the EFAA requires only that the *dispute itself* involve sexual assault or contact—not that the defendant caused or engaged in the sex act.

Further confirming this reading, there is no wording in the definition of "sexual assault dispute" connecting the dispute to the parties' agreement to arbitrate. The definition does not

PAGE 7 – OPINION AND ORDER

include any causal link between the defendant and the underlying sexual assault, such as requiring that a plaintiff allege conduct by the defendant that caused or enabled the sexual assault. It also contains no limitation regarding who committed the sexual assault, where it was committed, or when it was committed. And Congress could easily have added any of those limitations. In the subsection immediately preceding the definition of the term "sexual assault dispute," for example, Congress defined the term "predispute joint-action waiver" by reference to "the parties to the [arbitration] agreement." *Compare* 9 U.S.C. §§ 401 (2) and (3). If Congress wanted to limit the definition of "sexual assault dispute" only to those disputes about nonconsensual sexual acts or conduct occurring between parties to an arbitration agreement, it certainly knew how to do so. "Atextual judicial supplementation is particularly inappropriate when . . . Congress has shown that it knows how to adopt the omitted language or provision." *See Lackey v. Stinnie*, 604 U.S. 192, 205 (2025) (alteration in *Lackey*) (quoting *Rotkiske v. Klemm*, 589 U.S. 8, 14 (2019)).

Putting that definition in context, if a plaintiff alleges conduct constituting a sexual assault dispute and files a lawsuit, the EFAA exemption will apply so long as the case "relates to the sexual assault dispute." 9 U.S.C. § 402. "The phrase 'relating to' should be construed broadly to mean 'has a connection with or reference to.'" *Aloha Islandair Inc. v. Tseu*, 128 F.3d 1301, 1302 (9th Cir. 1997) (quoting *Morales v. Trans World Airlines, Inc.*, 504 U.S. 374, 383 (1992)); *see also Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 47 (1987) (stating, in the context of the Employee Retirement Income Security Act of 1974, that "the phrase 'relate to' was given its broad common-sense meaning, such that a state law 'relates to' a benefit plan in the normal sense of the phrase, if it has a connection with or reference to such a plan" (cleaned up)). Thus, Congress's use of "relates to" extends the EFAA exemption to all cases that have a connection to

a dispute that involves (includes or concerns) sexual assault. The statute is unambiguous in requiring only that there be a dispute with the defendant involving a nonconsensual sexual act or contact. Thus, the Court does not consider legislative history.[2] The Court next evaluates whether the conduct alleged by Polen falls within the unambiguous requirements of the EFAA.[3]

## B.  Application of the EFAA

Polen alleges that she notified API about the sexual assault she suffered and that she was moving her residence because of the sexual violence that she had suffered. Polen also alleges that instead of accommodating her as a victim of sexual violence, API negatively viewed Polen's absences and late attendance resulting from that sexual violence and eventually fired her.

It is undisputed that no API employee sexually assaulted Polen. Nevertheless, Polen alleges that API improperly caused negative employment repercussions because of her sexual

---

[2] The Court notes that in citing legislative history in support of its position, API cited comments by Senator Joni Ernst stating that if an employment case includes generic employment claims along with a claim of sexual harassment or assault, and that claim is later dismissed, the court should remand the remaining claims to arbitration. API, however, failed to quote the comments of Senator Richard Durbin, stating the exact opposite. Although API quoted other comments by Senator Durbin, it failed to acknowledge that he specifically disagreed with the notion that if the sexual harassment or assault claim is dismissed, other employment claims must then move to arbitration, because the text of the bill contains no such requirement. Quoting the former without the latter presents a misleading picture of the legislative history.

[3] API also argues that Polen's pregnancy discrimination claims do not relate to sexual harassment or sexual assault and thus do not fall within the EFAA. It is unclear if API makes this point to bolster that no claim by Polen falls within the EFAA, or if API is contending that even if Polen's claims relating to sexual violence fall under the EFAA, the Court must still remand for arbitration of the pregnancy-related claims. To the extent API argues the latter, the Court finds persuasive the many court decisions that have concluded that so long as a *case* contains a claim subject to the EFAA, the entire *case* is exempt from arbitration. See, e.g., *Kelly v. Rosenberg & Estis, P.C.*, 2025 WL 2709157, at *4 (S.D.N.Y. Sept. 23, 2025); *Owens v. PriceWaterHouseCoopers LLC*, 786 F. Supp. 3d 831, 852 (S.D.N.Y. 2025); *Bruce v. Adams & Reese, LLP*, 2025 WL 611071, at *14 (M.D. Tenn. Feb. 25, 2025); *Bray v. Rhythm Mgmt. Grp., LLC*, 2024 WL 4278989, at *8 (D. Md. Sept. 24, 2024); *Johnson v. Everyrealm, Inc.*, 657 F. Supp. 3d 535, 558-60 (S.D.N.Y. 2023).

assault. The EFAA broadly defines the type of dispute that falls within its framework as any dispute "involving" an underlying nonconsensual sexual act. Polen alleges a dispute with API that "involves" a sexual assault—that API unlawfully considered her status as a victim of sexual assault against her in her employment. Thus, her claims relating to her status as a victim of sexual violence fall within the unambiguous text of the EFAA.

In its reply, API raises for the first time the argument that Polen must *plausibly* allege a clam falling under the EFAA but failed to do so. API asserts that the Court should follow the analysis of *Yost v. Everyrealm, Inc.*, 657 F. Supp. 3d 563, 579-88 (S.D.N.Y. 2023), and conclude that Polen must meet the equivalent of the standard applied in a motion under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

The Court declines to consider an argument raised for the time in reply. *See Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007) ("The district court need not consider arguments raised for the first time in a reply brief."); *Mitchell v. United States*, 971 F.3d 1081, 1084 n.4 (9th Cir. 2020) (affirming the district court's conclusion that an argument raised for the first time in a reply is waived). Additionally, API submits evidence outside the pleadings in support of this contention, which is inappropriate in a Rule 12(b)(6) context. *See, e.g.*, *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998-99 (9th Cir. 2018) (explaining when a court can consider extrinsic materials through judicial notice or the incorporation-by-reference doctrine).

Even if the Court were to consider API's argument, the Court finds more persuasive the opinion of U.S. District Judge Mark C. Scarsi, from the Central District of California, adopting the reasoning of U.S. District Judge Lewis J. Liman, from the Southern District of New York:

> Finally, Defendant contends that the case still may be compelled to arbitration because Plaintiff's allegations toward the third claim are not plausibly pleaded. (Reply 3-4.) Defendant reads a plausibility requirement in the EFAA that is not explicit in the statutory text,

> *see* 9 U.S.C. § 402(a), but so do the majority of other district courts that have confronted the issue, *see Yost v. Everyrealm, Inc.*, 657 F. Supp. 3d 563, 585 (S.D.N.Y. 2023) ("[T]he term 'alleged' as used in [9 U.S.C.] § 401(4) is best read to implicitly incorporate the plausibility standard."); *Mitchell v. Raymond James & Assocs., Inc.*, No. 8:23-cv-2341-VMC-TGW, 2024 WL 4486565, at *[6], 2024 U.S. Dist. LEXIS 151960, at *14 (M.D. Fla. Aug. 23, 2024) (collecting cases). The Court instead finds persuasive the reasoning of *Diaz-Roa v. Hermes Law, P.C.*, [757] F. Supp. 3d [498, 533] (S.D.N.Y. Nov. 21, 2024), which concluded that the view that is more faithful to Congress' language and intent is that a plaintiff need only plead nonfrivolous claims relating to sexual assault or to conduct alleged to constitute sexual harassment, with the sufficiency of those claims to be reserved for proper merits adjudication, be it a motion to dismiss, motion for judgment on the pleadings, motion for summary judgment, or trial.
>
> The *Diaz-Roa* court persuasively highlights the dubiousness of adjudicating the plausibility of a sexual harassment claim upon a motion to compel arbitration, which is designed to test adjudicative capacity, not the merits or proper pleading of claims. *Id.* at [534-36]. This concern is particularly salient here, where Defendant did not challenge the adequacy of the pleading until the reply brief, depriving Plaintiff of a meaningful opportunity to defend the complaint.

*Gill v. US Data Mgmt., LLC*, 2024 WL 5402494, at *3 (C.D. Cal. Dec. 2, 2024) (first alterations in original, case citation alterations added).

The Court thus considers only whether Polen has plead a nonfrivolous claim relating to a dispute involving sexual assault. At this stage of the litigation, Polen has met her burden. She alleges that she notified API of her status as a victim of sexual assault and instead of accommodating Polen, API continued to count her lateness and absences against her, in violation of state law. Thus, Polen asserts "conduct" by API that constitutes a "sexual assault dispute"—a dispute over how API handled Polen's status as a victim of sexual assault. Her claim also "relates to" that sexual assault dispute. The EFAA, therefore, applies to exempt this entire case from arbitration.

## CONCLUSION

The Court DENIES API's Motion to Compel Arbitration and Dismiss Federal Court Proceedings. ECF 7.

**IT IS SO ORDERED**.

DATED this 21st day of November, 2025.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge
